FILED
2021 Sep-23  PM 02:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
8/20/2021 11:12 AM
63-CV-2021-900749.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case 63<br><br>Date of Filing:   Judge Code:<br>08/20/2021 |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### KARL W. HARBIN M.D. v. PRINCIPAL LIFE INS. CO - REGISTERED AGENT

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other   **First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☑ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:   F** ☑ INITIAL FILING    **A** ☐ APPEAL FROM DISTRICT COURT    **O** ☐ OTHER
**R** ☐ REMANDED    **T** ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
BEA004    8/20/2021 11:12:20 AM    /s/ MICHAEL KEVIN BEARD
     Date    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☐ NO

ELECTRONICALLY FILED
8/20/2021 11:12 AM
63-CV-2021-900749.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY

| | |
|---|---|
| **KARL W. HARBIN, M.D.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **PRINCIPAL LIFE INSURANCE** ) | |
| **COMPANY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

---

## COMPLAINT

---

COMES NOW the Plaintiff, by and through his attorneys, and files this Complaint and Jury Demand against the above-named Defendant alleging the following:

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff, **KARL W. HARBIN, M.D.** ("Plaintiff"), is an individual over the age of nineteen (19) years and a resident citizen of the State of Alabama. Dr. Harbin is currently a practicing gynecologist in Tuscaloosa, Alabama.

2.     Defendant, PRINCIPAL LIFE INSURANCE COMPANY (hereinafter referred to as "Principal Life") is an Iowa corporation that issues life insurance to residents of Tuscaloosa County, Alabama.

3.     **FICTITIOUS PARTY DEFENDANT NO. 1**, whether singular or plural, is the entity which issued the subject disability income policies, and whose identity is otherwise unknown to Plaintiff at this time, or, if known to Plaintiff, the entity's identity as a proper party defendant is unknown to Plaintiff at this time, but its true name will be substituted by amendment once ascertained.

4.      Venue is proper in this Court because the policy at issue was entered into in Tuscaloosa County, Alabama.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### The Disability Policy Insuring Plaintiff

5.      Plaintiff is an insured under a policy of disability insurance with Principal Life. Specifically, on July 6, 1989, Principal Life issued Plaintiff Disability Income Policy number P412494, which remains in force as of today's date. The Disability Income Policy provides a maximum monthly income benefit of $14,750 after a 90-day elimination period is satisfied, up to age 65. For an additional annual premium, Dr. Harbin purchased a Total Disability Lifetime Extension Rider hereinafter referred to as the "Lifetime Rider."

6.      The Lifetime Rider extends the maximum benefit to the insured's lifetime for a continuous total disability that begins before the age 65 policy anniversary. Those benefits begin to accrue on the age 65 policy anniversary and the amount of the monthly income benefit payable after the age 65 anniversary is based on the insured's age when the disability began. For example, if the insured is 60 years old at the time he becomes disabled he is entitled to 50% of the maximum monthly benefit. The Lifetime Rider defines total disability as an injury or sickness that causes the insured to be "unable to perform the substantial and material duties of [your] regular occupation in which you were engaged just prior to the Disability."

7.      Prior to February 29, 2016, Plaintiff was a full-time practicing obstetrician/ gynecologist in Tuscaloosa County. Due to his reputation and skill, Dr. Harbin spent the great majority of his professional time engaged in delivering babies and other obstetrical procedures. Moreover, Dr. Harbin received approximately 75% of his income from his obstetrical activities

and delivery babies. Indeed, obstetrics and delivering babies made up the substantial and material duties of Dr. Harbin's actual practice.

8.      On or about February 29, 2016, at age 60, Plaintiff suffered an acute onset of right shoulder pain and right arm weakness. Plaintiff's physicians ultimately determined that he had suffered a severe permanent injury to his brachial plexus.[1] Dr. Harbin's condition, referred to as Parsonage Turner Syndrome, is a neurological disorder characterized by excruciating pain in the shoulder, followed by severe weakness. After a period of unsuccessful treatment, Dr. Harbin's physicians allowed him to return to an office practice but told him not to perform obstetrical surgery.  Specifically, Dr. Harbin is not allowed to deliver babies.  Dr. Harbin continues to conduct an office practice but he is not able to take call or deliver babies and his income has been reduced by as much as 77%.

**The Claims Process**

9.      Plaintiff gave timely notice of the claim to Principal Life. Principal Life investigated the plaintiff's claim and determined that he was totally disabled. Principal Life paid Plaintiff benefits from March 1, 2017, until July 6, 2021, which is the first policy anniversary date after Dr. Harbin turned age 65.

10.     In August 2020, Plaintiff inquired about Principal Life's intent to continue payments under the Lifetime Rider after he turned age 65.  Principal Life informed Dr. Harbin that it did not consider Plaintiff totally disabled and would not pay benefits after July 6, 2021.

11.     On July 6, 2021, Principal Life informed Plaintiff that benefits were "payable through your Age 65 policy anniversary or July 6, 2021," and transmitted a check for $2,950 representing payments of six days of benefits under the individual disability insurance benefit

---

[1] The brachial plexus is the network of nerves that conducts signals from the spinal cord to the shoulder, arm, and hand. Signs and symptoms may include a limp or paralyzed arm, lack of muscle control of the arm, hand or wrist and the lack of feeling or sensation in the arm and hand.

provision of the policy. Principal Life also informed Plaintiff that the policy terminated effective July 6, 2021, without mentioning or referring to the Lifetime Rider that Dr. Harbin paid for continually for 30 years.

## CAUSES OF ACTION

### Count One – Breach of Contract

12.     Plaintiff incorporates the allegations in the preceding paragraphs, as if fully set forth herein, and further alleges that:

13.     Plaintiff has been totally disabled within the meaning of the Principal Life policy since February of 2016 and continuing past July 6, 2021.   Principal Life had a  contractual duty to pay Dr. Harbin benefits under the Lifetime Rider. Principal Life has breached the terms and provisions of the Lifetime Rider by failing and refusing to pay said disability benefits.

14.     Plaintiff was caused to suffer compensatory damages as a proximate result of the breaches described above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Principal Life for compensatory damages in such amount that represents full and complete payment of all disability and premium waiver benefits due and owing to Plaintiff, as well as damages for mental distress, interest, and reasonable attorneys' fees and costs.

### Count Two – Bad Faith

15.     Plaintiff incorporates the allegations in the preceding paragraphs, as if fully set forth herein, and further alleges that:

16.     Principal Life owed Plaintiff the duty not to willfully deny claims without legal justification.  However, Principal Life refused to provide Plaintiff with the aforesaid contractual

benefits. There was, and continues to be, no reasonably legitimate, arguable, or debatable reason for Principal Life to deny Plaintiff's lifetime disability benefits. Specifically, Principal Life has ignored the Lifetime Rider and/or misinterpreted its ambiguous definition of total disability in its favor rather than in favor of its insured. Under Alabama law, Principal Life was obligated to investigate the existence of the Lifetime Rider and also was obligated to interpret the ambiguous definition of total disability in favor of the Plaintiff. *Blackburn v. Fidelity and Deposit Co*., 667 So. 667 So. 2d 661 (Ala. 1995). By failing to perform either of these obligations, Principal Life has committed the tort of both normal and abnormal bad faith under Alabama law. *National Ins. Co. Sockwell*, 829 So. 2d 111 (Ala. 2002).

17.     Principal Life had actual knowledge that it did not have a reasonably legitimate, arguable, or debatable reason for denying Plaintiff's claims.

18.     As a proximate result of Principal Life's bad faith denial of Plaintiff's disability claim, Plaintiff was deprived of substantial monetary benefits to which he was, and continues to be, rightfully entitled to under his Principal Life disability policy, and suffered emotional and physical distress, including but not limited to agitation, anxiety, loss of enjoyment of life, and other non-monetary losses.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Principal Life for compensatory damages in such amount as the jury deems reasonable and just, and punitive damages in such amount to adequately reflect the enormity of Defendant's wrongful conduct and effectively prevent other similar conduct in the future.

Respectfully submitted,

*/s/ Michael K. Beard*
Michael K. Beard (BEA004)
Rip Andrews (AND 100)
J. Ben Ford (FOR077)

MARSH, RICKARD & BRYAN, P.C.
800 Shades Creek Parkway, Suite 600-D
Birmingham, AL 35209
T: (205) 879-1981 | F: (205) 879-1986
mbeard@mrblaw.com
ripandrews@mrblaw.com
bford@mrblaw.com

**Attorneys for Plaintiff**
**Karl W. Harbin, M.D.**

## JURY DEMAND

Plaintiff hereby demands a struck jury for the trial of this cause.

/s/ Michael K. Beard
Attorney for Plaintiff

## PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:

**Principal Life Insurance Company-Registered Agent**
**711 High Street**
**Des Moines, IA 50391**

ELECTRONICALLY FILED
8/20/2021 11:12 AM
63-CV-2021-900749.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

# IN THE CIRCUIT COURT OF TUSCALOOSA COU~~NTY~~

| | |
|---|---|
| **KARL W. HARBIN, M.D.** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| **PRINCIPAL LIFE INSURANCE** | ) |
| **COMPANY, et al.,** | ) |
| | ) |
| *Defendants*. | ) |

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

---

COMES NOW the Plaintiff, Karl W. Harbin, M.D.  and requests that Principal Life Insurance Company ("Principal Life") answer and/or respond to the following interrogatories and requests for production of documents, within the time required under the Alabama Rules of Civil Procedure. In addition, Plaintiff requests that Defendants attach a copy of each and every document referred to in any of their answers and/or responses to said discovery requests.

### <u>INSTRUCTIONS</u>

1.     These interrogatories and requests shall be deemed continuing so as to require the filing of supplemental answers or responses promptly in the event that you or anyone acting on your behalf learns additional facts not set forth in these answers or responses or discovers that information given in these answers and responses is erroneous.  Such supplemental answers or responses may be filed from time to time, but no later than thirty (30) days after such further information is received.

2.     Each interrogatory, request and subpart thereof is to be answered separately and as completely as possible. The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer or respond to each interrogatory, request for production and request for admission as fully as possible. The omission of any name, fact, or other item of information from the answers or responses shall be deemed a representation that such name, fact or item was not known to you or anyone acting on your behalf at the time of service of the answers and responses.

3.      All interrogatories listed herein relating to verbal communications are intended.  It is requested that the answers to each of these interrogatories set forth whether the verbal communication was by telephone or face to face or through some indirect means such as message, answering machine, or electronic mail.  It is requested that each answer include the names, present business and residence addresses, telephone and fax numbers, business positions, and occupations of the parties involved in the communications, as well as of any other persons present during the communications.

4.      If you choose to answer an interrogatory by producing documents and/or electronically stored information ("ESI"), clearly indicate to which interrogatory and subparagraph to which the documents and/or ESI are responsive.  If you have already produced documents and/or ESI that are responsive to an interrogatory, describe the documents and/or ESI and the interrogatory and subparagraph to which they respond.

5.      If you cannot answer or respond to any portion of any of the following interrogatories or requests in full, after exercising due diligence to secure the information to do so, so state, and answer or respond to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have that relates to the unanswered portions.

6.      If you claim privilege as a ground for failing to answer any interrogatory or respond to any request, respond to that part of each such interrogatory or request that, in your view, does not contain allegedly privileged communications.  For each interrogatory or request, or portion thereof, for which you claim a privilege, describe the factual basis for your claim of privilege in sufficient detail to permit adjudication of the validity of that claim, including without limitation, the following: (a) a brief description of the type of document or communication; (b) the date of the document or communication; (c) the name, title and job description of the transmitter of the document or communication; (d) the name, title and job description of the person to whom the document or communication was addressed; (e) the name, title and job description of each person who has received or had access to the document or communication; (f) a brief description of the subject matter of the document or communication; and (g) the nature of the privilege claimed. This is a written request for a privilege log pursuant to Ala. R. Civ. P. 26(b)(6)(A).

7.      If you at any time had possession or control of a document and/or ESI responsive to these interrogatories and requests, but such document and/or ESI has been lost, destroyed, purged or is not presently in your possession or control, then: (a) identify the document and/or ESI; (b) state the date of its loss, destruction, purge or separation from your possession or control; (c) state the circumstances surrounding its loss, destruction, purge or separation from your possession or control; and (d) state its present or last known location, including the name, address and telephone number of each person believed to have possession of such document and/or ESI.

8.      In producing documents responsive to these interrogatories and requests, you are requested to (a) "Bates stamp" or otherwise mark all documents produced and (b) use the space provided after each Interrogatory or Request for Production to identify by "Bates number" or other mark which documents are being produced in response to the request.

9.      If a document is stored in electronic form, you should produce the document either in its native format or in searchable PDF format, whichever you prefer, provided, however, that if the document is in the form of a database, such as Excel, the document should be produced in its native format.  If the document is kept only on paper, you should produce the document in searchable PDF format.

10.      In producing electronically stored information responsive to these interrogatories and requests, you are requested to produce such information in the form(s) in which it is (a) ordinarily maintained; (b) reasonably usable or (c) specified by party agreement and/or court order.

11.      Unless the text clearly requires otherwise: (a) the singular form of a word shall include the plural and vice versa; (b) the conjunctive "and" shall include the disjunctive "or" and vice versa; (c) all pronouns shall apply to the male, female and neutral genders; and (d) the word "any" shall include the word "all" and vice versa.

12.      You are requested to furnish all information in your possession and all information available to you, not merely such information as is of your own personal knowledge but also all knowledge that is available to you through your employees, officers, directors, and agents by reasonable inquiry, including inquiry of your representatives and attorneys.

## DEFINITIONS

As used herein, the words and phrases set out below shall have the following meaning or meanings prescribed for them:

1.      The terms "Defendant," "you," and "your," unless otherwise specified, refer to the corporate entity specifically responding to these discovery requests, its present and former officers, executives, directors, agents and employees, and any other person or entity acting on behalf of or representing said Defendant.

2.      The terms "Plaintiff" and "Dr. Harbin" unless otherwise specified refer to Karl W. Harbin, M.D. and any other person or entity acting on behalf of or representing Plaintiff.

3.      The terms "action," "cause," and "suit" mean all proceedings arising out of, ensuing from, or in any way relating to the above-styled lawsuit.

4.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise). "Communication" includes, without limitation, proof of fax (if the communication was by fax), hard copies of e-mails or other computer-generated transmissions of information or documents, and proof of mailing (if the communication was by standard mail).

5.      The term "document" is defined herein to be synonymous in meaning and equal in scope to the usage of this term in its broadest possible sense as set forth in Rule 34 of the Alabama Rules of Civil Procedure, and shall mean and include all of the following, whether written, handwritten, printed, electronically mailed, stenographically recorded, transcribed, punched, videotaped, audiotaped, or otherwise recorded on film, microfilm, microfiche, computer disks or

diskettes, computer memory, electronically stored, however and by whomever produced, prepared, reproduced, made, or disseminated, of every type and description that is or has been in your possession, custody or control, or of which you have knowledge or that are known by you to exist, and that can be located or discovered by reasonably diligent efforts, including, but not limited to: correspondence, letters, e-mails, narratives, facsimiles, telecopy coversheets, telegrams, telexes, messages, records, reports, publications, bulletins, books, brochures, pamphlets, circulars, summaries or other records, notes of personal conversations, minutes or summaries or other records of telephone conversations or interviews, logs of telephone calls, message logs, summaries or other records of meetings and conferences, summaries or other records of negotiations, other summaries, minutes of meetings, diaries, diary entries, appointment books, calendars, time records, instructions, work assignments, visitor records, forecasts, statistical statements, financial statements, tax returns, schedules, and income-reporting forms, earnings statements, receipts, work sheets, work papers, graph, maps, plats, charts, drawings, tables, books of accounts, accounting records, schedules, ledgers, audits, loan files, contracts, agreements, security agreements, analytical records, corporate data sheets, consultants' reports, leases, deeds, conveyances, bills of sale, promissory notes, loan documents, pledges, collateral agreements, real estate closing binders, expert reports, witness statements, appraisals, trade letters, press releases, notes, notices, marginal notations, notebooks, telephone bills or records, bills, statements, records of obligations and expenditure, invoices, lists, journals, advertisements or advertising copy, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sale orders, confirmations, records of bank deposits, checks, canceled checks, bank statements, letters of credit, vouchers, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, articles, speeches, computer records and data (translated or converted, if necessary, by you through detection or conversion devices or programs into a reasonably usable form), computer programs, data compilations (including matter used in data processing), indices, drafts, working/discussion copies, revisions or amendments. Such documents include drafts and non-identical copies, whether different from the original because of any alterations, notes, comments, or other material contained thereon or attached thereto, as well as any documents, portions of which contain information responsive to any request herein. A draft or non-identical copy is a separate document within the meaning of this term.

6.      The term "electronically stored information" is defined herein to be synonymous in meaning and equal in scope to the usage of this term in its broadest possible sense as set forth in Rule 34 of the Alabama Rules of Civil Procedure, and shall mean and include information created, manipulated, communicated, stored and utilized in digital form, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations.

7.      The term "identify" (with respect to a document), means to set forth the:

a.      type of document;

b.      general subject matter of the document;

c.      date, author and recipient of the document;

d.      all addressee(s) and the address(es) to whom the document was

4

sent (if any);

    e.    the name of the present custodian of the document;

    f.    the address of the present whereabouts of the document; and

    g.    a complete listing of any document or recording which was attached to, referred to or was the subject matter of said document.

8.    The term "identify" (with respect to an event) means to set forth the:

    a.    date of the event;

    b.    time of the event;

    c.    the location where the event occurred;

    d.    the individuals present;

    e.    what occurred; and

    f.    what was said by the individuals involved.

9.    The term "identify" (with respect to persons) means to set forth:

    a.    the person's full name;

    b.    present or last known address; and, additionally, with respect to a natural person:

    c.    job description and scope of authority, and

    d.    the present or last known place of employment.

Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent interrogatories requesting the identification of that person.

10.    The term "person" means any natural person or any business, legal or governmental entity or association.

11.    The terms "record" or "recording", whether used in the singular or plural, shall be used herein in its broadest sense and shall include any original, reproduction, or copy of any kind of visual or audio information, including, without limitation, audio tapes, video tapes, compact discs, video discs, computer discs, computer tapes, motion picture film or any other means or mechanism for the preservation of visual or audio information.

5

12.    The terms "relate to," "relating to" and "related to" means connected in thought or meaning, respecting, regarding, concerning, belonging to, pertaining to, supporting, contradicting, or bearing on, whether directly or indirectly.

13.   The term "call" means the practice whereby physicians are required to accept calls during nights, weekends or holidays to provide advice and consultations by phone or to be available to go to the hospital to consult or take care of patients.

## INTERROGATORIES

1.    Please state this Defendant's name correctly and/or the correct way that this Defendant should be designated as a party defendant in an action of law (at the time of the incident made the basis of this suit and at the time that these interrogatories were answered).

**ANSWER:**

2.    Please state why this this Defendant refused to pay Plaintiff disability  any benefits after July 6, 2021.   Include in your answer the specific policy language relied upon.

 **ANSWER:**

3.    Please state the names and addresses of all persons known to you, your agents, employees, and/or attorneys who have knowledge of the facts relied upon by Principal Life in denying Plaintiff's disability claims.

4.            Do you claim benefits under the Lifetime Benefit Rider end at the first anniversary of the policy after the insured reaches age 65?

**ANSWER:**

5.    Please identify the person or persons who decided to stop paying Plaintiff's disability benefits and who declined to reverse that decision, once made.

**ANSWER:**

6.    Do you agree that Dr. Harbin was permanently restricted from engaging in obstetrical surgery in 2016? If not, please explain your answer.

**ANSWER:**

7.      Please state the total amount of disability benefits that this Defendant paid Dr. Harrison after April 1, 2017.

**ANSWER:**

8.      Do you agree that Dr. Harbin was permanently restricted from taking call as an obstetrician in 2016? If not, please explain your answer.

**ANSWER:**

9.      Did Principal Life contact Unum concerning Plaintiff's disability claim? If so, identify all persons you contacted and describe what information you obtained from Unum.

**ANSWER:**

10.     Please list each and every witness that you intend to call at the trial of this case.

**ANSWER:**

11.     Please list each and every exhibit that you intend to use at the trial of this case.

**ANSWER:**

12.     Please state the name and address of each witness that you expect to call as an expert witness at the trial of this case and state the subject matter on which said expert(s) is expected to testify.

**ANSWER:**

13.     Please state the substance of the facts, opinions, and conclusions to which each and every expert is expected to testify in this case.

**ANSWER:**

**14.**     Has any attorney within Principal Life's in-house legal staff ever reviewed and/or commented on Plaintiff's disability claims?  If so, please identify who reviewed Plaintiff's file and the date(s) of said review.

**ANSWER**:

15.    Do you rely, in whole or in part, on the advice of counsel defense regarding any of Plaintiff's claims?  If so, please identify the attorney who provided the advice and any and all documents related to said advice.

**ANSWER**:


## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Please produce all documents referred to, relied on, or identified by you in your answers to Plaintiff's First Set of Interrogatories.

**RESPONSE**:

2.    Please produce a certified copy of the policy of disability insurance identified in the Complaint.

**RESPONSE**:

3.    Please produce any and all claim files that relate, in any way, to the disability claims presented by Plaintiff at any time.

**RESPONSE**:

4.    Please produce all documents, e-mails, and other correspondence relating to any communications between you and any UNUM representatives regarding Plaintiff's disability claim.

**RESPONSE**:

**5**.    Please produce all documents prepared by or provided to any physician or medical professional employed by or retained by Principal Life to provide any analysis of Plaintiff's disability claims.

**RESPONSE**:

**6**.     Please produce all legal opinions you obtained prior to the denial of Plaintiff's claim documents prepared by or provided to any physician or medical professional employed by or retained by Principal Life to provide any analysis of Plaintiff's disability claims.

**RESPONSE:**

7.     Please produce all documents created and/or received by you related to the evaluation of the medical condition(s) suffered by Plaintiff.

**RESPONSE:**

8.     Please produce all documents relating to recovery of reserve awards, bonuses for reaching metrics, bonuses for claim denials or terminating claims, scorecards, financial bonuses, incentives, stock options, honors, awards, or any other type of compensation or program available to claims personnel working at all levels of Principal Life's  disability department from January 1, 2015 through the present date.

**RESPONSE:**

9.     Please produce all documents relating to recovery of reserve awards, bonuses for reaching metrics rewards, bonuses, awards, incentives or remuneration, financial or otherwise, given to any Principal Life employee who investigated or was involved in the decision-making process related to Plaintiff's claim, from January 1, 2017 through the present date.

**RESPONSE:**

10.     Please produce any and all tapes and/or recordings of the Plaintiff, in unedited format, by whatever media, including any surveillance tape(s) of Plaintiff.

**RESPONSE:**

11.     Please produce all documents in use from January 1, 2015 through the present date describing, evidencing, or constituting Principal Life's claims handling manuals, claims practice guidelines, audits and audit policies, or any other practices or procedures employed by Principal

Life in the handling, processing, or investigation of disability claims under the Lifetime Rider.

**RESPONSE:**

12.     Please produce all documents or other materials used by Principal Life from January 1, 2015 through the present date, to establish the principal duties and job requirements of an obstetrician / gynecologist.

**RESPONSE:**

13.     Please produce all documents that reflect Principal Life's loss ratios in the long-term disability line of business for each year from January 1, 2012 through the present date.

**RESPONSE:**

14.     Please produce a list showing the date and amount of all disability payments made by Principal Life to Dr. Harbin since February 29, 2916.

15.     If you have declined or failed to produce any requested document, in whole or in part, under a claim of privilege or immunity from production, for each answer please:

> a.     Identify the document or communication;
>
> b.     Identify each person to whom any part of the contents of the document or communication has been communicated; and
>
> c.     State the factual basis for your claim of privilege or immunity.

**RESPONSE:**

Respectfully submitted,

*/s/ Michael K. Beard*
Michael K. Beard (mbeard@mrblaw.com)
Rip Andrews (AND 100)
J. Ben Ford (FOR077)
MARSH, RICKARD & BRYAN, P.C.
800 Shades Creek Parkway, Suite 600-D
Birmingham, AL 35209
T: (205) 879-1981 | F: (205) 879-1986
mbeard@mrblaw.com
ripandrews@mrblaw.com
bford@mrblaw.com

*Attorneys for Plaintiff*
*Karl W. Harbin, M.D.*

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AS FOLLOWS:**

**Principal Life Insurance Company - Registered Agent**
**711 High Street**
**Des Moines, IA 50391**



AlaFile E-Notice

63-CV-2021-900749.00

Judge: M. BRADLEY ALMOND

To:   BEARD MICHAEL KEVIN
        mbeard@mrblaw.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

KARL W. HARBIN M.D. V. PRINCIPAL LIFE INS. CO - REGISTERED AGENT
63-CV-2021-900749.00

The following matter was served on 8/31/2021

**D001 PRINCIPAL LIFE INS. CO - REGISTERED AGENT**

**Corresponding To**

CERTIFIED MAIL

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2021-900749.00

Judge: M. BRADLEY ALMOND

To:   ANDREWS WILLIAM REEVES
       ssheffield@mrblaw.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

KARL W. HARBIN M.D. V. PRINCIPAL LIFE INS. CO - REGISTERED AGENT
63-CV-2021-900749.00

The following matter was served on 8/31/2021

**D001 PRINCIPAL LIFE INS. CO - REGISTERED AGENT**
**Corresponding To**
CERTIFIED MAIL

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2021-900749.00

Judge: M. BRADLEY ALMOND

To:  FORD JONATHAN BEN
     bford@mrblaw.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

KARL W. HARBIN M.D. V. PRINCIPAL LIFE INS. CO - REGISTERED AGENT
63-CV-2021-900749.00

The following matter was served on 8/31/2021

**D001 PRINCIPAL LIFE INS. CO - REGISTERED AGENT**
**Corresponding To**
CERTIFIED MAIL

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

63-01-2021-9007491.00   sum

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Principal life INS.co. —
Registerd agent
711 high St.   50392
Des Moines IA 50394

9590 9402 6140 0209 0325 19

2. Article Number (Transfer from service label)

7020 1290 0002 1718 1845

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X  Nur M

☐ Agent
☐ Addressee

B. Received by (Printed Name)

Nur M

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

DES MOINES IA 50318
MAR 23 2021

3. Service Type
☐ Priority Mail Express®
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

USPS TRACKING #

9590 9402 0414 0209 0325 17

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box●

MARIA H. BOBO

04-MAR-2021

GREENSBORO AVE., RM. 214

TUSCALOOSA 35401

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>63-CV-2021-900749.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA**
**KARL W. HARBIN M.D. V. PRINCIPAL LIFE INS. CO - REGISTERED AGENT**

NOTICE TO: PRINCIPAL LIFE INS. CO - REGISTERED AGENT, 711 HIGH STREET, DES MOINES, IA 50391

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MICHAEL KEVIN BEARD

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 800 SHADES CREEK PARKWAY, SUITE 600-D, BIRMINGHAM, AL 35209

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of KARL W. HARBIN M.D. pursuant to the Alabama Rules of the Civil Procedure.

*(Name(s))*

| 08/20/2021 | /s/ MAGARIA HAMNER BOBO | By: *AEL* |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ MICHAEL KEVIN BEARD

*(P.*

**RETURN**

☐ Return receipt of certified mail received in this office

☐ I certify that I personally delivered a copy of this Summons

_____

_____ in
*(Name of Person Served)*

Alabama on _____
*(Date)*

_____
*(Type of Process Server)*     *(Server's Signature*

_____
*(Server's Printed N*

63-CV-20
KARL W. HARBIN M.D. V. PRINCIPA

| C001 - KARL W. HARBIN M.D. | v. | D001 - PRINCIPAL LIFE INS. CO - REGISTERED AGENT |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$ **$8.05**
Total Postage and Fees
$
Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

**SERVICE RETURN COPY**

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>63-CV-2021-900749.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### KARL W. HARBIN M.D. V. PRINCIPAL LIFE INS. CO - REGISTERED AGENT

**NOTICE TO:** PRINCIPAL LIFE INS. CO - REGISTERED AGENT, 711 HIGH STREET, DES MOINES, IA 50391

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MICHAEL KEVIN BEARD,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 800 SHADES CREEK PARKWAY, SUITE 600-D, BIRMINGHAM, AL 35209.

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of KARL W. HARBIN M.D.

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 08/20/2021 | /s/ MAGARIA HAMNER BOBO | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ MICHAEL KEVIN BEARD

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____.

*(Date)*

_____     _____     _____

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____     _____

*(Server's Printed Name)*          *(Phone Number of Server)*



AlaFile E-Notice

63-CV-2021-900749.00

To:   MICHAEL KEVIN BEARD
      mbeard@mrblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

KARL W. HARBIN M.D. V. PRINCIPAL LIFE INS. CO - REGISTERED AGENT
63-CV-2021-900749.00

The following complaint was FILED on 8/20/2021 11:12:24 AM

Notice Date:     8/20/2021 11:12:24 AM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2021-900749.00

To:  PRINCIPAL LIFE INS. CO - REGISTERED AGENT
711 HIGH STREET
DES MOINES, IA, 50391

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

KARL W. HARBIN M.D. V. PRINCIPAL LIFE INS. CO - REGISTERED AGENT
63-CV-2021-900749.00

The following complaint was FILED on 8/20/2021 11:12:24 AM

Notice Date:      8/20/2021 11:12:24 AM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov